**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LORI L. DEEL, et al, | ) | CASE NO. 5:15-cv-2042 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| WELLS FARGO BANK, N.A., et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently pending before the Court are the motions of defendants Lender Processing Services, Inc. nka Black Knight InfoServ, L.L.C. ("Black Knight") and Liquenda Allotey ("Allotey") (Doc. No. 9 ["BK Mot."]), Mortgage Electronic Registration Systems, Inc. ("MERS") (Doc. No. 11 ["MERS Mot."]), and Wells Fargo Bank, N.A. ("Wells Fargo") (Doc. No. 13 ["Wells Fargo Mot."]), to dismiss this action filed by *pro se* plaintiffs Lori and John Deel ("plaintiffs") related to a note, mortgage, and foreclosure action in the Summit County Court of Common Pleas. (*See* Doc. No. 1 ["Compl."].) Plaintiffs have not opposed defendants' motions.

For the reasons that follow, defendants' motions are granted, and this action is dismissed.

# I. BACKGROUND

This lawsuit involves a note and mortgage that plaintiffs executed in favor of Fremont Investment and Loan ("Fremont") with regard to the property located at 2820 South Main Street, Akron, Ohio 44319. Freemont nominated MERS to act as the mortgagee. On March 12, 2009, the note and the mortgage were transferred to Wells Fargo as Trustee for the Certificate Holders of Carrington Mortgage Trust, Series, 2007-FRE. Plaintiffs defaulted on the note and mortgage. (Compl. ¶¶ 12-18.)

Wells Fargo filed the first of three foreclosure actions against plaintiffs in the Summit County Court of Common Pleas on March 20, 2009. *See Wells Fargo Bank, N.A. v. Deel*, Summit C.P. No. CV-2009-03-2298 (Mar. 20, 2009); *Wells Fargo Bank v. Deel*, Summit C.P. No. CV-2010-07-4904 (July 16, 2010); *Wells Fargo Bank N.A. v. Deel*, Summit C.P. No. CV-2010-12-8137 (Dec. 9, 2010); (*see also* Compl. ¶ 37.) The first two actions were dismissed without prejudice.

Wells Fargo was awarded a default judgment in the third foreclosure case on March 4, 2011. (Doc. No. 9-1; Compl. ¶¶ 39, 52.) Plaintiffs attempted to obtain relief from the default judgment four months after it was issued but the court denied their motion on November 8, 2011. They appealed the decision to the Ohio Court of Appeals, but the court of appeals affirmed the judgment on August 22, 2012. (Doc. No. 9-2); *see Wells Fargo Bank, N.A. v. Deel*, No. 25876, 2012 WL 359085 (Ohio Ct. App. Aug. 22, 2012).

Plaintiffs obtained counsel, filed a second motion to vacate judgment, and attempted to file a belated answer. The motion was denied on the basis of res judicata. Plaintiffs filed pro se motions seeking relief from judgment and a stay of the execution of

2

the judgment. On September 30, 2014, those motions were denied. (Doc. No. 9-5.) The property was set for a sheriff's sale on June 19, 2015 and October 16, 2015, but plaintiffs filed bankruptcy actions on the mornings of those sales, temporarily staying the proceedings.[1]

Plaintiffs filed this action on October 2, 2015, seeking to vacate the judgment of foreclosure, void the note and mortgage, receive clean title to the property, and obtain monetary damages. The complaint contains six counts.

In count one, plaintiffs assert claims under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692(d), (e), and (f), the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2602 and 2605, and state law, contending they did not receive proper notice of the transfer of the mortgage into the trust. They also contend defendants misrepresented the legal status of the note and mortgage by claiming a legal interest in them, and by filing a foreclosure action. (Compl. ¶¶ 73-97.).

In count two, plaintiffs assert claims for negligence and breach of fiduciary duties. They state that they did not authorize the securitization of their loan, and claim the securitization process left their note without a lawful owner, rendering the note void. (Compl. ¶¶ 98-115.) In count three, plaintiffs assert that defendants made fraudulent representations to them, but do not indicate what these fraudulent representations were. (Compl. ¶¶ 116-23.) Count four contains claims for civil conspiracy stating, without explanation, that defendants jointly and separately caused plaintiffs to suffer damages.

---

[1] Both bankruptcy cases filed in the United States Bankruptcy Court, Northern District of Ohio,  Case Nos. 15-51489-amk and 15-52487-amk, have been dismissed.

(Compl. ¶¶ 124-30.).

In count five, plaintiffs contend the defendants behaved outrageously and are liable to them for intentional infliction of emotional distress. (Compl. ¶¶ 131-43.) Finally, in count six, plaintiffs assert that defendants violated the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* ("RICO") and the Ohio Corrupt Practices Act ("OCPA"), Ohio Rev. Code § 2923.31, by attempting to collect an unlawful debt through a pattern of corrupt activity. Plaintiffs assert that the corrupt activity consisted of mail fraud, wire fraud, forgery, and general "fraud." (Compl. ¶ 154.)

Plaintiffs seek monetary damages and ask this Court to vacate the judgment in the state court foreclosure case, enjoin the sale of the property through sheriff's auction, void the mortgage and note on the property, award them full, unencumbered title to the property, and enjoin defendants from ever making a claim to the property or to the monies owed on the mortgage. (Compl. at 28-30.[2]).

Defendants' motions to dismiss are filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[3] Defendants collectively argue that: (1) the *Rooker-Feldman* Doctrine divests this Court of jurisdiction to reverse a state court judgment; (2) plaintiffs lack standing to challenge the mortgage assignment; (3) plaintiffs' fraud claims were not pled with specificity as required by Fed. R. Civ. P. 9; (4) plaintiffs failed to plead their conspiracy claim with the specificity needed to state a claim upon which relief may be

---

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

[3] Most of the substantive arguments in favor of dismissal are contained in the BK Mot. The other two motions incorporate those arguments by reference and add additional facts specific to their respective positions. (*See* MERS Mot. at 131; Wells Fargo Mot. at 140.)

4

granted; (5) plaintiffs' negligence claim fails because defendants do not owe plaintiffs a duty of care, and the claims are barred by Ohio's economic loss doctrine; (6) there is no fiduciary relationship between the parties; (7) filing a foreclosure action is not extreme and outrageous behavior to support a claim for intentional infliction of emotional distress; (8) the statute of limitations for a FDCPA claim has expired, defendants are not debt collectors as defined by the statute, and there are no facts suggesting defendants violated the FDCPA or RESPA; and (9) plaintiffs failed to establish predicate offenses or a pattern of racketeering activity to state a claim under RICO or the OCPA.

## II. DISCUSSION

### A. Standard of Review

#### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of subject-matter jurisdiction" of claims asserted in the Complaint. Fed. R. Civ. P.  12(b)(1). Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack tests the adequacy of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984). A factual attack evaluates the actual existence of subject matter jurisdiction. *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio 1997) (citation omitted), *affirmed, in part, reversed, in part, on other grounds*, 201 F.3d 418 (6th Cir. 1999).

The importance of this distinction has to do with the nature of the Court's

consideration of the facts and allegations presented in connection with the Rule 12(b)(1) motion. If the motion presents a facial attack, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Ritchie*, 15 F.3d at 598 (citing *Scheuer*, 416 U.S. at 235-37). In contrast, if the motion presents a factual attack, the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness. *Id.* (citation omitted).  The plaintiff has the burden of proving subject matter jurisdiction in order to survive a motion to dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996) (citation omitted). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *See Von Dunser v. Aronoff*, 915 F.2d 1071, 1074-75 (6th Cir. 1990).

### 2. Rule 12(b)(6)

In reviewing a complaint in the context of a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The sufficiency of the complaint is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

6

accepted as true," to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief[.]'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 683 (citation omitted).

A complaint need not set down in detail all the particulars of a plaintiff's claim. However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79 (This standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555); *see Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000) (the court should not accept conclusions of law or unwarranted inferences couched in the form of factual allegations). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc*.,

859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original) (additional citations omitted), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)).

Because plaintiffs' "RICO claims require proof of mail or wire fraud as an element, the plaintiffs must also satisfy the heightened particularity requirements of Federal Rule of Civil Procedure 9(b) with respect to the elements of fraud. 'Rule 9(b) states that [i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Jackson v. Segwick Claims Mgmt. Servs., Inc.*, 699 F.3d 466, 475 (2012) (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 688 F.3d 393, 403 (6th Cir. 2012)). "This includes alleging the 'time, place, and content' of the fraudulent acts, the existence of a fraudulent scheme, the intent of the participants in the scheme, and 'the injury resulting from the fraud.'" *Jackson*, 699 F.3d at 476 (quoting *Heinrich*, 688 F.3d at 403); *see Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984) (upholding the district court's dismissal of RICO claims where the complaint failed to plead fraud with adequate particularity).

Rule 9's pleading requirement of particularity must be read in harmony with Rule 8's "policy of simplicity in pleading[.]" *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988) (citing Fed. R. Civ. P. 8). Accordingly, courts should not be "too exacting" or "demand clairvoyance from pleaders" in determining whether the requirements of Rule 9(b) have been met. *Id.* at 681. Rather, "if the defendant has fair notice of the charges against him, [Rule 9(b)] is satisfied." *Shapiro v. Merrill Lynch & Co.*, 634 F. Supp. 587, 594 (S.D. Ohio 1986); *see Williams v. Duke Energy Int'l, Inc.*, 681 F.3d

788, 803 (6th Cir. 2012) ("'Rule [9] requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim.'") (quoting *Michaels Bldg.*, 848 F.2d at 680).

In entertaining a Rule 12(b)(6) motion, a court may consider documents that are referred to in the pleadings and are integral to the claims without converting the motion to one for summary judgment. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll*., 259 F.3d 493, 502 (6th Cir. 2001)); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co*., 508 F.3d 327, 335-36 (6th Cir. 2007) (citation omitted); *see also Weiner v. Klais & Co., Inc*., 108 F.3d 86, 89 (6th Cir. 1997) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss) (citations omitted). The Court may also take judicial notice of proceedings in another court without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citation omitted).

## B. Analysis

As an initial matter, plaintiffs cannot file a federal civil action either to obtain a second appeal of the foreclosure action, or to relitigate issues and claims that were decided or should have been decided in the foreclosure action. The state court judgment stands, and this Court cannot overturn or interfere with that judgment.

### 1. *Rooker-Feldman* doctrine

Plaintiffs ask this Court to "[v]acate and reverse the state court judgments, orders, and/or otherwise preclude any party from requesting and conducting an auction or sheriff

sale of the Property[.]" (Compl. at 28-9.) To the extent plaintiffs are asking this Court to reverse the state court foreclosure judgment, this Court cannot entertain their claims. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (citations omitted). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012).

The *Rooker-Feldman* doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). The governing statute was designed to prohibit "end-runs around state court judgments" by requiring litigants seeking review of

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

10

that judgment to file a writ of certiorari with the United States Supreme Court. *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010) (citation omitted). The *Rooker-Feldman* doctrine rests on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic*, 606 F.3d at 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008) (citation omitted).

*Rooker-Feldman* is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Berry*, 688 F.3d at 298-99 (quoting *Exxon Mobil Corp.*, 544 U.S. at 283-84). It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d at 299. Instead, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d at 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).

To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an

11

independent claim." *Id*. In conducting this inquiry, the Court should also consider the plaintiff's requested relief. *See Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011).

In this case, plaintiffs ask this Court to reverse the judgment of foreclosure and to enjoin enforcement of that judgment. Plaintiffs clearly seek appellate review of the state court judgment in this context. Thus, this Court lacks jurisdiction to grant that relief.

## 2. Res judicata

To the extent plaintiffs seek to void the mortgage, invalidate the transfer of the mortgage to Wells Fargo, or to relitigate the foreclosure and obtain an unencumbered title to the property, their claims are barred by the doctrine of res judicata. The validity of the mortgage and its transfer to Wells Fargo were resolved when the state court granted judgment to Wells Fargo on the foreclosure of the mortgage. Plaintiffs effectively admitted to the validity of all of the assertions in Wells Fargo's foreclosure complaint when they failed to file a timely answer to the pleading. Plaintiffs now attempt to litigate those issues for a second time by asserting claims they could and should have asserted as defenses in the state court foreclosure action.

Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. *Abbott v. Mich.*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) (citations omitted). To determine the preclusive effect a prior state court judgment would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984). In this case, the Court must apply Ohio

law to determine if the Ohio foreclosure judgment would preclude litigation of the validity of the mortgage, the transfer of the mortgage, or the foreclosure action.

Under Ohio law, the doctrine of res judicata dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them." *Johnson's Island, Inc. v. Bd. of Twp. Tr. of Danbury Twp.*, 431 N.E.2d 672, 674 (Ohio 1982) (quotation marks and citation omitted). Application of the doctrine of res judicata does not depend on whether the original claim explored all possible theories of relief. *Brown v. Dayton*, 730 N.E.2d 958, 962 (Ohio 2000) (citation omitted). Rather, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995).

Res judicata applies in this case, which arises out of the same transaction or occurrence as the foreclosure action. Plaintiffs did not file an answer to the foreclosure complaint, thereby admitting to all of the allegations in the complaint. Those admitted allegations included that Wells Fargo, as trustee, is an entity entitled to enforce the note, that the mortgage was given to secure the note, that the mortgage is a valid and subsisting first lien on the property, that all conditions precedent to Wells Fargo's ability to enforce the mortgage have been satisfied, and that Wells Fargo is entitled to foreclosure on the mortgage. *See Wells Fargo Bank v. Deel*, Summit C.P. No. CV-2010-12-8137 (Dec. 9,

13

2010). The state court granted default judgment to Wells Fargo on the foreclosure, and in doing so, necessarily decided that the mortgage was valid and that Wells Fargo was the holder of that mortgage. Plaintiffs' claims in this action, while stating new legal theories for relief from the foreclosure, all rest on the assertion that the mortgage was invalid, the transfer of the mortgage to the trust was defective, and that Wells Fargo was not entitled to foreclose on the mortgage. Those issues have already been decided. This Court must give full faith and credit to the state court judgments.

### 3. Failure to state a federal claim

Even if this Court could entertain the merits of plaintiffs' claims, they fail to state a claim upon which relief may be granted. First, plaintiffs claim that defendants violated the FDCPA. This claim fails for two reasons: (1) the statute of limitations expired for this claim; and (2) defendants are not debt collectors as defined by the statute.

The statute of limitations for FDCPA claims is one year. 15 U.S.C. § 1692k(d). Plaintiffs challenge both the transfer of the mortgage to the trust and the initiation of the foreclosure action. The transfer took place in 2009. The foreclosure action was filed in 2010. This action was filed in October 2015, well beyond the expiration of the statute of limitations for a FDCPA claim.

In addition, none of the defendants meet the statutory definition of a "debt collector," which is any person "in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect debts, directly or indirectly, owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The definition specifically excludes the creditor or the person to whom the debt is owed. §

14

1692a(6)(F)(ii). Here, the only defendant who attempted to collect the debt was Wells Fargo. Wells Fargo was the creditor, not a debt collector. *See Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (creditor could not be a debt collector under the FDCPA where it was collecting on the debt owed it) (collecting cases); *see also Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012) ("We note, as other circuits have, that 'as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive.'") (quoting *FTC v. Check Investors, Inc*., 502 F.3d 159, 173 (3d Cir. 2007)) (further citations omitted).

Plaintiffs' cause of action under RESPA also fails to state a claim upon which relief may be granted. They state only that RESPA requires notice be given when a consumer's loan is sold, or assigned and "[t]he applicable [d]efendants . . . violated the procedures mandated by RESPA[.]" (Compl. ¶ 88.) Plaintiffs do not allege any facts to support this claim—it is stated solely as a legal conclusion. Legal conclusions are not sufficient to state a claim. *Iqbal*, 556 U.S. at 677-78.

The only other federal claim plaintiffs assert is under RICO. Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. §] 1962[.]" In turn, § 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (c) of this section.

A "pattern of racketeering activity" requires at least two acts of "racketeering activity" which are set forth in § 1961(1). 18 U.S.C. § 1961(5). To prove a defendant violated §1962(c), it is necessary for the plaintiff to prove the defendant committed two predicate offenses, or collected an unlawful debt, which the statute defines as an illegal gambling debt or debt unenforceable because of usury laws. 18 U.S.C. § 1961(6). Plaintiffs have failed to allege any facts that support a finding that plaintiffs' mortgage was an "unlawful debt" under § 1961(6)(B), nor have they pled an "unlawful debt" as a predicate offense. *See Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987) ("Section 1961(6) does not criminalize interest rates based on the prime rate unless the rate is twice the usurious rate under state or federal law."); *see also Otworth v. Budnik*, 594 F. App'x 859, 826 (6th Cir. 2014) (unlawful threat of foreclosure  and mortgage fraud "are not recognized as predicate acts under RICO").

Plaintiffs' complaint also fails to plead fraud with particularity as required under Rule 9(b). To comply with Rule 9(b), a RICO plaintiff must "allege the time, place, and content of the alleged misrepresentations[.]" *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (quotation marks and citations omitted); *see Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). Plaintiffs have not even alleged the existence of any material misrepresentations (nor are there any allegations that the mails or wires were used in the execution of the alleged RICO scheme), let alone provide the necessary particularity as to any such misrepresentations. *See generally, United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005) (A scheme to defraud includes any plan or course of action by which someone uses false, deceptive, or fraudulent pretenses,

representations, or promises to deprive someone else of money.")

Thus, they fail to state a claim for relief under RICO.[4]

### 4.  No Leave to Amend

"[G]enerally, '[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend.'" *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 1483 (3d ed. 2010)). Dismissal with leave to amend is particularly preferable "'where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements[.]'" *Brown*, 415 F. App'x at 614 (quoting *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990)). Nevertheless, it remains the case that "leave to amend should be denied if the amendment . . . would be futile." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (internal quotation marks omitted); *Perkins v. Am. Elec. Power Fuel Supply, Inc*., 246 F.3d 593, 605 (6th Cir. 2001).

Although this Court construes plaintiffs' *pro se* complaint liberally, it finds that it would be futile for plaintiffs to attempt to amend. Even if plaintiffs could set forth facts sufficient to cure some of the pleading deficiencies, the action remains, at its core, an impermissible collateral attack on a state court judgment. Thus, even if plaintiffs had

---

[4] The federal RICO claim suffers from other deficiencies. For example, plaintiffs fail to allege the existence of an "enterprise," that is separate and apart from the "person . . . participating in an enterprise's affairs[.]" *Puckett v. Tenn. Eastman Co*., 889 F.2d 1481, 1489 (6th Cir. 1989); *see* 18 U.S.C. § 1961(4).  The complaint further fails to allege with sufficient particularity a "pattern of racketeering activity." *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989).

sought leave, which they did not, as they did not respond in any way to the pending dispositive motions, the Court would not extend leave to amend.

### 5.  Supplemental Jurisdiction

Plaintiffs' remaining claims arise, if at all, under state law. The Court declines to exercise supplemental jurisdiction over these claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (the decision to exercise supplemental jurisdiction over state law claims that derive from the same nucleus of operative facts as the dismissed federal claims is left to the discretion of the trial court); 28 U.S.C. § 1367(c); *see also Pinney Dock & Transp. Co. v. Penn. Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) ("[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction[.]") (internal quotation marks and citation omitted). Disposition of the state law tort claims will require multiple rulings applying state law, and, accordingly, the Court finds that the most prudent course would be to dismiss the state law claims without prejudice. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims") (citations omitted).

### III. CONCLUSION

For all the foregoing reasons, the defendants' motions to dismiss (Doc Nos. 9, 11, 13) are granted to the extent they seek dismissal of plaintiffs' federal claims. Defendants'

18

motions are denied without prejudice to the extent they seek the dismissal of plaintiffs' state law claims. This action is dismissed.

     **IT IS SO ORDERED**.

Dated: April 1, 2016

                                  **HONORABLE SARA LIOI**
                                  **UNITED STATES DISTRICT JUDGE**